**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES LUEDTKE, #06819-089,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00953-JPG** |
| | ) | |
| **USA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM AND ORDER</u>**

**GILBERT, District Judge:**

Plaintiff James Luedtke, an inmate in the custody of the Federal Bureau of Prisons (FBOP) and currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), filed this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Plaintiff brings two FTCA claims for false imprisonment caused by the trial court's miscalculation of his sentence (Count 1) and by the public defenders' failure to challenge the sentence miscalculation in his criminal case and appeal (Count 2). (Doc. 1, pp. 1-19). He seeks money damages. *Id*.

Plaintiff is a litigious inmate who admits accumulating three or more "strikes" before filing this lawsuit. (Doc. 1, p. 3). A prisoner who receives a "strike" for filing a civil complaint that is dismissed for one of the reasons set forth in 28 U.S.C. § 1915(e) is barred from proceeding *in forma pauperis* (IFP) without prepaying the full filing fee for a new civil action, unless he faces imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). When asked about his litigation history in the Complaint, Plaintiff disclosed three "strikes." (Doc. 1, p. 3) (citing Case Nos. 95-C-358, 96-C-396, and 96-C-590). He also admitted filing "many cases, too numerous to list here, about 80 cases." Instead of moving for IFP, Plaintiff paid the $405.00 filing. *Id*.

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court must screen and dismiss portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b). At this stage, the allegations are construed liberally in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Motion for Recusal

Before screening this matter, the Court must first address Plaintiff's motion for recusal of judge (Doc. 4). Plaintiff explains that he surveyed public records and found only eighteen prisoner cases handled by the undersigned judge from 1999-2026. Plaintiff noted that all cases were dismissed. Plaintiff argues that this thin judicial record reflects a general lack of trust in the undersigned's ability to handle cases and suggests incompetence and bias. *Id*. The Court construes this motion as one brought under 28 U.S.C. § 455 or 28 U.S.C. § 144.

Section 455 presents two situations in which a federal judge is expected to recuse himself: (1) recusal is mandatory in any proceeding in which the judge's "impartiality might reasonably be questioned;" and (2) a judge is expected to recuse himself when any of the five statutorily prescribed criteria can be shown to exist. *See* 28 U.S.C. §§ 455(a)-(b). The five situations arise in any proceeding, in which: (1) a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning that proceeding," *see* § 455(b)(1); (2) a judge, among other things, served as a lawyer in the matter while in private practice, *see* § 455(b)(2); (3) a judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy," *see* § 455(b)(3); (4) a judge knows that he, as an individual or a fiduciary, or his spouse or minor child residing in the household has

a financial interest in the subject matter in controversy or any other interest that could be substantially affected by the outcome, *see* § 455(b)(4); or (5) an individual who shares a certain relationship with the judge is also named as a party to the proceeding, *see* § 455(b)(5).

Plaintiff's request for recusal stems from his concerns about the undersigned judge's inexperience, incompetence, and/or bias—all based on his impression that the undersigned has processed less than one case per year since 1999. The motion is based on erroneous information. The undersigned routinely handles a full caseload consisting largely of criminal and civil prisoner cases. These cases are handled from start to finish. Once a case concludes, it is dismissed and judgment is entered. This practice reflects the Court's compliance with the federal rules of criminal and civil procedure, not inexperience, incompetence, or bias. Having pointed to no other grounds for relief under § 455(a) or (b), the Court denies Plaintiff's request for recusal under § 455.

Turning to 28 U.S.C. § 144, the statute calls for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." *See* 28 U.S.C. § 144. The affidavit must state "the facts and the reasons for the belief that bias or prejudice exists" and be accompanied by a certificate of counsel of record stating that the affidavit is made in good faith. *Id*. Plaintiff's motion satisfies none of these requirements.

For each of these reasons, Plaintiff's motion for recusal (Doc. 4) is **DENIED**.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-19): The Complaint sets forth two claims against the United States.

The first FTCA claim against the United States is based on allegations of false imprisonment. *Id*. at 5-6. Plaintiff faults the trial court for improperly calculating his criminal

3

sentence after erroneously applying twelve extra criminal history points and career offender status.[1]  *Id*. at 5.  Plaintiff claims that these two errors prolonged his sentence by "years."  *Id*. at 5, 15.  He argues that the FBOP should have released him from prison "a long time ago."  *Id*.

The second FTCA claim against the United States is also for false imprisonment and arises from the allegedly ineffective assistance of his trial and appellate counsel.  *Id*. at 13-14.  Plaintiff claims that both public defenders knew that he did not qualify for the two sentence enhancements described above.  However, they conspired to cover up the errors and secure a longer sentence.  *Id*.

Plaintiff maintains that his FTCA action is timely because he did not discover the two illegal sentence enhancements that resulted in the ongoing violation of his rights until October 24, 2024.  *Id*. at 16.  On December 5, 2025, Plaintiff sent a notice of his claim under 28 U.S.C. § 2675(A) via certified mail to the U.S. Department of Justice (DOJ), instead of the FBOP, because he requested monetary relief of more than $50,000.00.  *Id*. at 17.  Plaintiff states that the DOJ should have forwarded it to the FBOP, but he received no response from the DOJ or FBOP.  *Id*.  In January 2026, Plaintiff sent an email to the FBOP seeking release from custody, but no one responded.  *Id*. at 7-8.  Plaintiff filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, but it was dismissed on the grounds that the habeas statute provides no relief for false imprisonment.  *Id*. at 9.  He filed an appeal under 18 U.S.C. § 3742, and it was "rubber stamped dismissed."  *Id*.  Plaintiff then filed a Petition for Sentence Reduction under 28 U.S.C. § 2106.  After exhausting each of these potential avenues to relief, he filed this action.  *Id*.

---

[1] Plaintiff mentions Case No. 03-CR-37 in the statement of his claim, but he otherwise fails to indicate whether that case—or another one—gives rise to this action.

**Discussion**

The Court designates two counts in the *pro se* Complaint that are consistent with Plaintiff's designation of the same:

Count 1:    FTCA claim against the United States arising from the FBOP's false imprisonment of Plaintiff after the trial court miscalculated his sentence to include two erroneous sentence enhancements (*i.e.*, by applying twelve extra criminal history points and career offender status).

Count 2:    FTCA claim against the United States arising from the FBOP's false imprisonment of Plaintiff based on a miscalculation of his sentence that his trial and appellate counsel failed to challenge in his criminal case or appeal in their conspiracy to prolong his sentence.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The Court must evaluate the substance of the Complaint and determine whether Plaintiff brought this action under the correct statute when he invoked the Federal Tort Claims Act (FTCA). *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002).  Plaintiff essentially relies on the FTCA to attack his sentence.  A federal inmate who wishes to challenge his sentence may do so by filing a direct appeal in his criminal case, a motion to vacate or set aside sentence under 28 U.S.C. § 2255, or a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Plaintiff pursued some of these avenues to relief before turning to the FTCA, but the FTCA does not help him here.

Plaintiff seeks money damages for false imprisonment arising from the trial court's alleged sentence miscalculation (Count 1) and his public defenders' failure to challenge it (Count 2).  He blames the trial court, public defenders, and FBOP for false imprisonment and adds that his public defenders also conspired to prolong his sentence.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The FTCA waives sovereign immunity of the United States for certain torts that are committed by federal employees while acting within the scope of their employment. *Brownback v. King*, 592 U.S. 209, 212 (2021) (citing *FDIC v. Meyer*, 510 U.S. 471 475-76 (1994)). It permits suit for money damages against the United States for "personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). This waiver of sovereign immunity is not absolute, however, and exceptions do exist. 28 U.S.C. § 2680(a)-(n). Section 2680 provides a list of claims for which immunity is preserved, including claims "arising out of" intentional torts that include, but are not limited to, "assault, battery, **false imprisonment**, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . ." 28 U.S.C. § 2680(h) (emphasis added). Both FTCA claims in this case arise out of false imprisonment, so Plaintiff cannot pursue either claim here.[3]

In addition, Count 1 against the United States arises from alleged errors made by the trial court when sentencing Plaintiff. When it comes to federal officials performing judicial functions, the FTCA further limits the waiver of sovereign immunity. Section 2674 provides:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based on judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

28 U.S.C. § 2674. A trial court judge enjoys absolute immunity from liability for damages for acts performed in his or her judicial capacity, unless the judge clearly acted in the absence of jurisdiction or outside of the prescribed duties as a judge. *See Lawrence v. Conlon*, 1995 WL 153273, at *5 (N.D. Ill. 1995) (citing *Flynn v. Dyzwilewski*, 644 F. Supp. 769, 773 (N.D. Ill. 1986)).

---

[3] Section 2680(h) offers an exception to the intentional torts exception in the law enforcement proviso, but it is inapplicable here. *See Martin v. United States*, 605 U.S. 395, 403-04 (2025).

6

The Complaint contains no allegations suggesting that the trial court acted outside of its jurisdiction or prescribed duties. As such, the judge would be entitled to absolute immunity and the FTCA claim foreclosed.

Count 2 against the United States arises from the alleged conspiracy by two public defenders to prolong Plaintiff's sentence by failing to challenge the trial court's sentencing errors. Like false imprisonment, the conspiracy claim is encompassed by the intentional tort exception for FTCA claims in § 2680(h), which covers "malicious prosecution, abuse of process, . . . misrepresentation, [and] deceit. . . ." *See* 28 U.S.C. § 2680(h). *See Matthews v. United States*, 28 F.3d 1216 (7th Cir. 1994) (citing *United States v. Tinkoff*, 211 F.2d 892, 894 (7th Cir. 1954) (holding that a plaintiff's claim that the government conspired to convict him on the basis of perjured testimony was "clearly encompassed" by the terms of 28 U.S.C. § 2680(h)). The FTCA forecloses relief under this theory as well.

Plaintiff's attempt to challenge his sentence under the FTCA is misplaced, and this action will be dismissed for failure to state a claim. This dismissal does not preclude Plaintiff from pursuing relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 or elsewhere. However, he must do so in a separate action. This Court offers no opinion on alternative paths to relief or the ultimate merits of his claims.

### Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under the Federal Tort Claims Act. This dismissal counts as another "strike" under 28 U.S.C. § 1915(g). The motion to appoint counsel (Doc. 2) and motion for recusal (Doc. 4) are **DENIED**; assigning counsel is unnecessary because further amendment

7

8

of the complaint would be futile.  The Clerk's Office is **DIRECTED** to **CLOSE** this case and enter judgment accordingly.

      **IT IS SO ORDERED.**

      **DATED:  8/4/2026**

                                         **J. PHIL GILBERT**
                                         **United States District Judge**